**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDWIN LORENZO, | : | |
| | : | Civil Action No. 09-2590 (JAP) |
| Plaintiff, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| WARDEN WILLIAM FRASER, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Edwin Lorenzo, Pro Se
# 433503/464231B
East Jersey State Prison
Lockbag R
Rahway, NJ 07065

**PISANO**, District Judge

Plaintiff Edwin Lorenzo, a prisoner confined at the East Jersey State Prison, Rahway, New Jersey, seeks to bring this action in forma pauperis pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who

is immune from such relief.  For the following reasons, the complaint will be dismissed.

## BACKGROUND

Plaintiff seeks to file this civil complaint pursuant to 42 U.S.C. § 1983.  He states that he currently has a civil case pending against Monmouth County Sheriff's Officers for excessive use of force.  See Lorenzo v. Moore, et al., 06-cv-2717 (MLC).  (Complt., ¶¶ 8-13).  In the course of discovery in that case, in February of 2006, defendant Leslie Koch, Esq., and the law firm representing defendants in the excessive force case at the time, Cleary Alfieri Jones & Hoyle, sent a letter requesting Chief Thomas J. Reiff to send Plaintiff's medical records.  Plaintiff states that this letter was filed in violation of discovery rules.  (Complaint, ¶¶ 14-15).  Susan Priddy, a medical staff member responded to the letter, releasing privileged medical information.  Plaintiff argues that the release of his medical information without his consent, or his right to object at an in camera review, violated of the New Jersey Administrative Code, the Monmouth County Correctional Institution Privacy Code, and Plaintiff's constitutional rights to due process and equal protection.  (Complt., ¶¶ 17-18)

Plaintiff further states that he sent a subpoena to the Monmouth County Sheriff's Office requesting an internal affairs investigation, and was provided the memo evidencing the release

of his medical records without his authorization.  (Complt., ¶¶ 24-25).  Plaintiff contends that the defendants conspired to circumvent discovery practice and to hurt his chances in his pending lawsuit, in violation of the Constitution.  (Complt., ¶ 26).

Besides attorney Koch and medical staff member Priddy, Plaintiff names as defendants Chief Reiff, for abusing his power and conspiring with defendants' attorneys in his excessive force case by providing the records (Complt., ¶ 19); Warden Fraser of the Monmouth County Correctional Institution, for conspiring with the defendants' attorneys and Reiff in violating his rights (Complt., ¶ 20); and Cleary Alfieri Jones & Hoyle law firm, for distributing the medical records to substituted attorneys (Complt., ¶¶ 21-23).

Plaintiff asks for monetary and other relief.

## DISCUSSION

### A.   Standard of Review

In 1996, Congress enacted the Prison Litigation Reform Act ("PLRA"), Title VIII of the Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub. L. No. 104-134, 110 Stat. 1321 (April 26, 1996).  Congress's purpose in enacting the PLRA was "primarily to curtail claims brought by prisoners under 42 U.S.C. § 1983 and the Federal Torts Claims Act ... many of which are routinely dismissed as legally frivolous."  Santana v. United

States, 98 F.3d 752, 755 (3d Cir. 1996). A crucial part of the congressional plan for curtailing meritless prisoner suits is the requirement, embodied in 28 U.S.C. § 1915A, that a court must dismiss, at the earliest practicable time, actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992). The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See id.

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

4

(quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the Rule 8 pleading standard. See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008). The Court of Appeals explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element. This "does not impose a probability requirement at the pleading stage[ ]" but . . . "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Phillips, 515 F.3d at 234 (internal citations omitted). See also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (when assessing the sufficiency of a complaint, the Court must distinguish factual contentions- which allege behavior on the part of the defendant, that, if true, would satisfy one or more elements of the claim asserted- and "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements").

**B.   Plaintiff's Claims Must Be Dismissed.**

A plaintiff may have a cause of action under 42 U.S.C.

5

§ 1983 for certain violations of his or her constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to establish a violation of 42 U.S.C. § 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

In this case, Plaintiff alleges that in response to a discovery request in his pending civil matter, the medical staff at the jail released his medical records. Thus, it appears that his claim actually asserts a discovery violation, which should be raised in his pending civil case, and does not violate his constitutional rights. As stated above, one requirement in order to establish a violation of § 1983, and to withstand sua

6

sponte dismissal, is that Plaintiff must allege facts indicating that a constitutional violation occurred. Plaintiff has alleged facts showing only that discovery rules may have been violated. If that is the case, the issue should be raised in his pending civil litigation, and appropriate sanctions will be administered.

While prisoners do have a right to privacy in their medical records, see Doe v. Delie, 257 F.3d 309, 316-317 (3d Cir. 2001), every person who institutes a civil litigation, whether or not a prisoner, subjects themselves to the rules of discovery. Review of a prisoner's medical records is a necessary component of litigation involving excessive force claims, as in Plaintiff's pending civil litigation. Whether or not the discovery request was made, and responded to, properly, is a question for the presiding judge in the pending civil matter.

## CONCLUSION

Based on the foregoing, Plaintiff's complaint will be dismissed, without prejudice, to Plaintiff raising these issues in his pending civil matter. An appropriate Order is attached.

/s/ Joel A. Pisano
JOEL A. PISANO
United States District Judge

Dated: January 6, 2010